714 S.E.2d 282

**In the Matter of Joseph P. CERATO, Respondent.**

**No. 27021.**

Supreme Court of South Carolina.

Submitted July 11, 2011.

Decided Aug. 8, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey MacLure Watson, III, Ballard, Watson, & Weissenstein, of West Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of either an admonition or public reprimand with the following conditions: 1) within twenty days of the imposition of discipline, respondent will read and require each of his employees to read the South Carolina Notary Public manual published by the South Carolina Secretary of State; 2) within one year of the imposition of discipline, respondent will complete the Ethics School portion of the South Carolina Bar's Legal Ethics and Practice Program at his own expense; and 3) within thirty days of imposition of discipline, respondent will pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission). We accept the agreement, issue a public reprimand, and impose the three conditions stated above. The facts, as set forth in the agreement, are as follows.

## *FACTS*

Respondent submitted seven affidavits to the family court on behalf of a client at a temporary hearing and provided opposing counsel with copies of the documents. Respondent had notarized each statement, indicating the affiants had

personally appeared before him. However, he had not personally witnessed any of the affiants sign or affirm the statements.

Respondent explains he asked his client to provide the names of possible witnesses on contested issues and his client responded by delivering numerous signed statements to respondent. None of the statements were notarized and respondent submits he believed he could notarize each statement if he verified its content as well as the authenticity of the signature with the witness. Further, respondent submits he believed it would be proper for him to do this over the telephone. Respondent maintains he spoke by telephone with the individual affiants for six of the seven statements, however, two of these individuals do not recall speaking with respondent about their statements.

The seventh statement, purportedly of the dentist who treated the couple's children, presented the client as an active participant in the children's dental care and appointments. Regarding this statement, respondent maintains he spoke with the dentist's assistant by telephone and she confirmed the dentist had signed the statement.

A few days after the temporary hearing, however, opposing counsel informed respondent that the dentist had not signed the statement. When respondent explained his notarization process, opposing counsel advised him that the procedure was improper. Respondent immediately researched the matter and confirmed the procedure he used was improper. In a letter confirming the conversation with respondent, opposing counsel noted respondent's genuine surprise upon learning of the impropriety of the procedure he had used as well as respondent's reputation for honesty among the local bar.

In a letter to the family court, respondent withdrew the affidavits he submitted at the temporary hearing, explained the procedure he had used for notarizing the documents, and provided an affidavit that opposing counsel had secured from the dentist. In this affidavit, the dentist denied previously signing any affidavit in the case and stated he did not know or recall whether respondent's client had been present during his children's dental appointments. It has since been discovered that the dentist's assistant signed the statement originally

attributed to the dentist. The dentist's assistant does not recall speaking with respondent about the statement.

## LAW

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 3.3 (lawyer shall not knowingly make false statement of fact to tribunal), Rule 3.4 (lawyer shall act with fairness to opposing party and counsel), Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct), and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. In addition, respondent shall: 1) read and require each of his employees to read the South Carolina Notary Public manual published by the South Carolina Secretary of State within twenty days of the date of this opinion and provide timely proof of completion of this requirement to the Commission; 2) complete the Ethics School portion of the South Carolina Bar's Legal Ethics and Practice Program at his own expense within one year of the imposition of discipline and provide timely proof of completion of this requirement to the Commission; and 3) pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty days of the date of this opinion. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.